UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LESTER WATSON Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03424-JMS-MJD |
| | ) | |
| WENDY KNIGHT, | ) | |
| KIM STAFFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Reconsider,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I. Motion to Reconsider Initial Partial Filing Fee**

Plaintiff's October 27, 2017, motion to reconsider, dkt. [9], is **granted**. The Court will screen plaintiff's complaint without requiring the payment of an initial partial filing fee before doing so. Notwithstanding the foregoing ruling, plaintiff still owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Accordingly, a separate order pursuant to 28 U.S.C. § 1915(b) for the collection of the filing fee is being issued. Plaintiff's prison trust account financial transaction reports reflect that he sometimes has monthly income that will support the payment of the filing fee in installments, although he may not currently have any funds. *See* dkts. 6-1 & 9-1.

**II. Screening of the Complaint**

A.   Legal Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within

a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

   B.   Plaintiff's Complaint

Plaintiff Lester Watson brings this 42 U.S.C. § 1983 action against Wendy Knight, the Warden of the Correctional Industrial Facility, and Kim Stafford, a person named only in the caption of the complaint but otherwise unidentified. Plaintiff asserts his Fourteenth Amendment due process rights are being violated because the prison assigns him a security classification of Level 2 while he believes he should be assigned Level 1. He asserts the erroneous classification is due to two arrests he had in 1982 and 1994 for sex-related crimes, but for which he was never

charged or convicted. Plaintiff asserts that the erroneous classification violates Department of Correction policies and Indiana statutes, and that he has a liberty interest in being correctly classified.

C.  Discussion

The Court will liberally construe plaintiff's complaint, assessing whether he presents a viable ground for relief under either the equal protection clause of the Fourteenth Amendment or a liberty interest protected by the due process clause of the Fifth Amendment.

States have traditionally had wide discretion in classification of prisoners' security levels. "Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances." *Jones v. United States*, 534 F.2d 53 (5th Cir. 1976); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971). Plaintiff has plead no facts to suggest that his classification at Level 2 was based on any class protected by the Fourteenth Amendment. Absent extreme circumstances implicating classification decisions targeting a protected class, there is no viable Fourteenth Amendment equal protection claim in plaintiff's complaint.

In order for the due process clause to be applicable, there must be a protected liberty interest created by state law or regulation. *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976). Thus, the inquiry in this cause must begin with an analysis of whether plaintiff had any liberty interest in the minimum custody status for which he applied within the meaning of the due process clause.

Indiana inmates generally have no constitutionally protected liberty interest either in avoiding a particular security classification, *Olim v. Wakinekona*, 461 U.S. 238 (1983), *Montanye v. Haymes*, 427 U.S. 236 (1976), *Meachum v. Fano*, 427 U.S. at 223-24, or being assigned to any particular security classification. *Kincaid v. Duckworth*, 689 F.2d 702 (7th Cir. 1982).

Not every state action carrying adverse consequences for prison inmates automatically activates a due process right. *Moody v. Daggett*, 429 U.S. 78, 86-88 (1976); *Meachum v. Fano*, 427 U.S. at 224. Indiana has placed the decision to change the security classification of prisoners, with some exceptions not applicable here, solely within the discretion of the Department of Correction. Thus, any expectation an inmate may have in being considered for a lower security clearance is too insubstantial to rise to the level of due process protection. *Meachum v. Fano*, 427 U.S. at 228; *Montanye v. Haymes*, 427 U.S. at 243; *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) (security classifications implicate neither liberty nor property interests . . . .) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff's complaint therefore does not contain a viable due process claim.

In sum, plaintiff's complaint does not contain a viable claim for relief, as the decision of the Department of Correction officials in assigning a particular security level classification is a discretionary action not generally reviewable in federal court. The complaint is therefore **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### III. Opportunity to Show Cause

The Court has screened the complaint and found no viable claim. Plaintiff shall have through **November 30, 2017**, in which to show cause why the action should not be dismissed and judgment entered for defendants. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

## IV. Actions Dismissed Pursuant to 28 U.S.C. § 1915A

If this action is dismissed for failing to state a claim upon which relief can be granted, it will be the second action filed by plaintiff while a prisoner dismissed for that reason. *See Watson v. Boone, et al.*, No. 1:16-cv-00984-JMS-MJD (S.D. Ind. July 5, 2016). Plaintiff is cautioned that having three actions dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted will render him ineligible to bring another action or appeal in federal court with *in forma pauperis* status unless he is in imminent danger of serious physical injury, or unless he pays the filing fee in full. 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

Date: 11/1/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Lester Watson
128854
Pendleton-CIF
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064